FILED
United States Court of Appeals
Tenth Circuit

January 27, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

BERNADETTE GALLEGOS,

Plaintiff-Appellant,

v.

MATTHEW C. HOWARD; GRW
CORPORATION; GIL WALKER;
STEVE HARGETT; STATE OF
COLORADO DEPARTMENT OF
CORRECTIONAL SERVICES; JOE
ORTIZ; LARRY GRAHAM and JOHN
DOE,

Defendants-Appellees.

No. 08-1276

District of Colorado

(D.C. No. 1:08-CV-00819-ZLW)

ORDER AND JUDGMENT[*]

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

The question presented is whether it was an abuse of discretion for the

district court to conclude that the appellant, a prisoner, was able to pay a $6.00

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

filing fee when her prison account indicated a negative balance for a particular day shortly before the order.

On May 22, 2008, a magistrate judge granted Bernadette Gallegos leave to proceed *in forma pauperis* pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915. A few days earlier, Ms. Gallegos filed a certified prison account statement with the district court, indicating that she had a negative account balance of -$4.06. Pursuant to 28 U.S.C. § 1915(b)(1), the magistrate judge ordered Ms. Gallegos to pay an initial partial filing fee of $6.00 or show cause why she was unable to do so. He warned Ms. Gallegos that the complaint and action would be dismissed without further notice if she failed to either pay the initial partial filing fee or show cause within thirty days.

Ms. Gallegos failed to pay any portion of the filing fee or show that she was unable to do so. Accordingly, on July 2, 2008, the district court signed an order dismissing the action pursuant to Fed. R. Civ. P. 41(b), which was filed on July 3, 2008.[1]

Ms. Gallegos, through counsel, filed a motion for reconsideration of dismissal in the district court pursuant to Fed. R. Civ. P. 59(e), asserting, among other things, that neither she nor her counsel had been aware that she was

---

[1]Almost two weeks after the deadline had passed, Ms. Gallegos' counsel made a partial filing fee payment of $30. It was not an abuse of discretion for the district court to base its dismissal order on fees paid (or not paid) during the allotted period of time for doing so.

required to arrange for filing fee payments to be made from her inmate account. The district court denied the motion for reconsideration. The court noted that the magistrate judge's order had explicitly directed her to pay the initial partial filing fee within thirty days or show cause why she could not. Ms. Gallegos then submitted a prisoner's motion for leave to proceed on appeal under 28 U.S.C. § 1915, which was also denied.

On appeal, Ms. Gallegos argues that the trial court's finding that she was "able to pay an initial filing fee of six dollars," was an abuse of discretion. We do not agree.

Under the Prison Litigation Reform Act ("PLRA"), the amount indigent prisoners are required to pay as an initial payment "depends on the average deposits to and balance in the prisoner's inmate account." *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003). Ms. Gallegos submitted an Inmate Trust Fund Account statement showing a negative balance on May 6, but this was her first negative balance in more than a year. Her account statement showed that about five weeks prior her balance was $40.10. Moreover, within those five weeks she spent $42.00 in "Canteen Orders." The PLRA's "fee provisions are intended to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Id.* at 1327 (internal quotations and citations omitted). As we recognized in *Cosby*, "when a prisoner has sufficient income to pay a monthly partial filing fee

and instead spends his money on amenities at the prison canteen, [she] cannot be excused for failing to make the required partial payments." *Id.*

The judgment of the United States District Court for the District of Colorado is therefore **AFFIRMED**.

Ms. Gallegos' motion to proceed *in forma pauperis* is **GRANTED**. However, we remind Ms. Gallegos that she must continue making partial payments until the $455.00 appellate fee is paid in full.

Entered for the Court,

Michael W. McConnell
Circuit Judge